ELIZABETH FARRELL OBERLIN, OSB No. 011107
Attorney at Law
E-mail address: oberlinlaw@hotmail.com
0324 SW Abernethy Street
Portland, Oregon 97239
Telephone: (503) 277-2087
Facsimile: (503) 357-4181

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHARLES GRACE,<br><br>Plaintiff,<br>v.<br><br>GCA SERVICES GROUP, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 3:15-CV-0076<br><br>**COMPLAINT**<br><br>Americans with Disabilities Act, ORS 659A.112, ORS 659A.109, ORS 659A.040, ORS 659A.199, ORS 653.060, ORS 652.355, Family and Medical Leave Act, and ORS 659A.183.<br><br>**DEMAND FOR JURY TRIAL** |

NATURE OF THE ACTION

1. Plaintiff brings this action under under Title I of the Americans With Disabilities Act - 42 USC 12101 *et seq*. and under the State of Oregon analog statutes, ORS 659A.112 and ORS 659A.109, to correct unlawful employment practices for disability discrimination and retaliation for opposing disability discrimination; under ORS 659A.040 to

correct unlawful employment practices for worker's compensation discrimination; under ORS 659A.199 to correct unlawful employment practices for discrimination and retaliation based on Plaintiff reporting, in good faith, what he believed to be Defendant's illegal actions; under ORS 653.060 and 652.355 to correct unlawful employment practices for discrimination based on Plaintiff complaining that he had not been paid wages in accordance with Oregon State Law and consulting with an attorney about a wage claim; under the Family and Medical Leave Act and under the State of Oregon analog statute ORS 659A.183 to correct unlawful employment practices for discrimination on the basis of Plaintiff's status in exercising his rights to take medical leave. This Court has jurisdiction of this action because of federal question jurisdiction, pursuant to 28 USC Section 1331. This Court also has pendent jurisdiction over the state law claims.

Defendant has discriminated against Plaintiff because of his disability and the perception that he is disabled by failing to promote him. Defendant has also created a hostile work environment for Plaintiff based on his disability and the perception he is disabled, as well as the fact that he filed a worker's compensation claim and took medical leave. When Plaintiff raised concerns about Defendant's illegal behavior, including disability discrimination, failure to pay wages due to Plaintiff, and fraudulent activity on the part of his supervisor, Plaintiff was subjected to a continuous and ongoing course of retaliation.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331, 1337 and 1343(a)(4).



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

3. This Court also has pendent jurisdiction over the state law claims. Defendant's actions occurred in the District of Oregon and, at all relevant times, the parties resided or did business in the State of Oregon.

PARTIES

4. Plaintiff started working for Defendant in October of 2003. At all relevant times, Plaintiff worked in the State of Oregon.

5. Defendant is a Delaware corporation that, at all material times, was licensed to do business in the State of Oregon and was an employer covered under the Americans with Disabilities Act and all relevant Oregon State Statutes at issue in this case. At all relevant times, all employees of Defendant were acting within the course and scope of their employment.

ADMINISTRATIVE EXHAUSTION

6. Plaintiff filed a complaint with the Bureau of Labor and Industries ("BOLI") on or around July 3, 2014. That filing constitutes a joint filing with the United States Equal Employment Opportunities Commission ("EEOC"), pursuant to a work sharing agreement between the BOLI and the EEOC. BOLI provided Plaintiff with a right to sue notice on or around October 17, 2014. All procedures necessary to comply with applicable federal and state law were followed, and this action has been filed within the requisite 90-day limit set out in the notice of right to sue.

STATEMENT OF FACTS

7. Plaintiff began his employment with Defendant in October, 2003, as a Day Supervisor. His current title is Regional Manager. Throughout his employment with Defendant,



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

Plaintiff has performed his job duties well, consistently receiving positive ratings on his performance evaluations.

8. In 2006, Plaintiff was diagnosed with multiple sclerosis ("MS"). In December of 2006, he informed several individuals in management of his diagnosis.

9. Plaintiff's disability (MS) causes him to suffer from the following periodic symptoms: fatigue, headaches, leg cramps, muscle spasms, visual changes, and difficulty walking. Plaintiff began taking intermittent medical leave to treat these symptoms in late 2006. In 2010, Plaintiff took steroid infusions to treat some of these symptoms. He took a few days of medical leave during these treatments. In 2011, Plaintiff began monthly suppression infusions (disease modifying therapy). He has taken occasional days of medical leave following these therapies in order to recover from the side effects.

10. In June of 2013, Plaintiff became aware of the fact that Dan Hall ("Hall"), then Regional Vice President, had mentioned discussed Plaintiff's disability with other employees for no legitimate reason. In October of 2013, Rion Buswell ("Buswell"), Regional Vice President, asked Plaintiff about his disability in front of a group of Plaintiff's co-workers. Plaintiff, who was very uncomfortable discussing his private medical information in front of his co-workers, told Buswell that he (Plaintiff) had MS.

11. In December of 2013, Plaintiff's then supervisor, Joe Allport ("Allport"), Senior Regional Manager, was terminated. Plaintiff, who was qualified for and able to perform the job duties of, applied for Allport's position.

//



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

12. Plaintiff interviewed for the position with Buswell. During the interview, Buswell inquired about Plaintiff's disability, specifically asking for information about Plaintiff's prognosis, the challenges he faces at work because of his MS, and how the symptoms of his MS affected his work. Despite the fact that Plaintiff felt very uncomfortable by Buswell's questions, Plaintiff answered them, explaining that he was able to perform all of the duties of the position without accommodation.

13. During a meeting in early December of 2013, Plaintiff learned that Defendant had hired Michael Bennett ("Bennett") for the position. No one ever informed Plaintiff directly that he did not get the job. Defendant has a policy of hiring from within the Company, yet Bennett was hired from outside of the Company. Buswell then asked Plaintiff to train Bennett.

14. Since becoming Plaintiff's supervisor, Bennett has treated Plaintiff very poorly. Some examples of this treatment include, but are not limited to, the following:

- Bennett has, on several occasions, contacted Plaintiff at home when he was out on medical leave, either treating the symptoms of his MS or for his back injury, for the purpose of discussing work related matters and, sometimes, to ask Plaintiff to perform work.
- Bennett has repeatedly called Plaintiff in for meetings and then cancelled them.
- Bennett has disciplined Plaintiff without cause and without adherence to Defendant's policies.

15. In January of 2014, Bennett issued Plaintiff a "final written warning in lieu of termination." Plaintiff had no former discipline in his file, and Bennett did not follow



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

Defendant's policies in issuing discipline when he gave Plaintiff this warning. During the disciplinary meeting, Bennett mentioned Plaintiff's disability, stating that he expected Plaintiff would have to take extended medical leave at some point; that he needed to train a new hire to fill his position; and, that he should just look for another job somewhere else.

16. Later that month, Bennett gave Plaintiff a non-competition agreement and instructed him to sign it. When Plaintiff questioned the agreement and eventually refused to sign it, Bennett told Plaintiff that he would no longer be eligible for wage increases or bonuses and that he would not be paid the wage increase or bonus he had earned, and been promised, from the prior year.

17. On February 3, 2014, Plaintiff injured his back at work and filed a worker's compensation claim, which was eventually accepted. Plaintiff took approximately two weeks of medical leave off of work to treat his injury. Bennett, who was visibly upset by the fact that Plaintiff had filed a worker's compensation claim, told Plaintiff that he had just cost him (Bennett) $1,000.00 for having a reportable injury. Bennett began treating Plaintiff with even more hostility. When Plaintiff returned to work, with light duty restrictions (shorter work days and some sitting/standing limitations), Bennett increased Plaintiff's workload, while, at the same time, decreasing other managers' workloads. Plaintiff struggled to complete all of his work with his light duty restrictions. It became clear to Plaintiff that Bennett was setting him up for failure.

18. In mid-February, 2014, Plaintiff sent a letter to Barb Hudson ("Hudson"), Vice President of Human Resources, about Bennett's harassing and discriminatory treatment. Plaintiff also complained about the fact that he had been denied the promotion to Senior



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

Regional Manager because of his disability.

19. Christine Zapata ("Zapata"), Regional Human Resources Director, met with Plaintiff to discuss his allegations. Zapata suggested that Plaintiff meet with Bennett on a weekly basis to discuss Plaintiff's performance and any issues he was having with his employment. Plaintiff was, justifiably, reluctant to have these meetings, but consented. The two men met only once, at which time Bennett stated that Plaintiff was meeting his job performance standards. During the meeting, Bennett also stated that, although he was happy to have Plaintiff on the team, he was not happy that Plaintiff had complained to Human Resources about him. Defendant took no other action to address or resolve Plaintiff's complaints.

20. A couple of weeks after Plaintiff met with Bennett, another manager informed Plaintiff that Bennett had made comments about Plaintiff "faking his fall down the stairs at work," stating that if he (Bennett) "had his way," Plaintiff would be gone soon. Around this same time, Bennett took three accounts away from other managers and gave them to Plaintiff, thus increasing Plaintiff's already overwhelming work load with the obvious goal of setting him up for failure.

21. In March of 2014, Plaintiff sent Zapata an e-mail asking why he had not received his 2013 pay increase and bonus while his co-workers had. Plaintiff had been awarded a 3.5% merit-based pay increase and $4,500.00 bonus for his job performance in 2013. When Zapata called Plaintiff in response to his e-mail, Plaintiff told her that he had consulted with an attorney about Defendant's failure to pay his raise and bonus and that he (Plaintiff) believed Defendant's actions in this regard to be a violation of Oregon State Law. Zapata responded that Defendant



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

had made the decision not to pay Plaintiff his raise and bonus for 2013 and that was it.

22. In April of 2014, Buswell and Michael Emry ("Emry"), Regional Human Resources Director, met with Plaintiff in the Portland office to issue him a "final, final written warning in lieu of termination." Plaintiff was shocked by their visit to the office and by the disciplinary action. Buswell and Emry accused Plaintiff of having media contact following an event where an employee had almost died from an on-the-job accident. Buswell and Emry stated they had been monitoring Plaintiff's e-mail account for more than six months and that they did not believe he had been completely truthful regarding his contact with the media. Emry became visibly agitated and questioned Plaintiff for complaining to Zapata. Buswell told Plaintiff, "You know what happened to you anyway? You went from being one of our best managers to being one that is just causing problems now."

23. In June of 2014, Plaintiff met with his physician to discuss the issues he was still having with his back as a result of his work injury. He reported to his physician that Defendant was not adjusting his workload to accommodate his five-hour per day light duty restriction. His physician took him off of work in order for Plaintiff's back to heal properly. Bennett became irate with Plaintiff, stating that Plaintiff had made him look bad and cut Plaintiff's pay to reflect his reduced hours, saying that he was "not going to help" Plaintiff out any more and that Plaintiff "can go deal with the work comp carrier now."

24. In July of 2014, Plaintiff filed a complaint with BOLI and the EEOC, alleging disability discrimination, discrimination and retaliation based on the fact that he filed a worker's compensation claim, and retaliation for complaining about illegal activities.



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

25. In August and September of 2014, Plaintiff discovered multiple fraudulent entries on Bennett's expense reports, including charges for meals with Plaintiff's clients that Bennett had never, in fact, met. Plaintiff informed Michael Venturella ("Venturella"), Regional Human Resources Director, about these entries. For the next several weeks, up and until the time Bennett resigned in November of 2014, he continued to harass Plaintiff about the fact that Plaintiff had complained about him.

FIRST CLAIM FOR RELIEF

(Title I of the Americans With Disabilities Act - 42 USC § 12101 *et seq*.)

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25, above.

27. Defendant is, and at all material times was, a covered entity under § 101(2) of the ADA, 42 USC § 12111(2), and was an "employer" within the meaning of ADA § 101(5), 42 USC § 12111(5). Defendant engaged in an industry affecting commerce and employed more than 15 employees at all times during the 20 weeks in the current or preceding calendar year.

28. Plaintiff is, and was at all material times, a qualified individual with a disability within the meaning of § 101(8) of the ADA, 42 USC § 12111(8). Plaintiff's diagnosis of MS constitutes a "disability" within the meaning of 42 USC § 12102(2).

29. Defendant discriminated against Plaintiff, in substantial part, because of his disability and/or because of a perception that Plaintiff is disabled by denying Plaintiff a promotion; by openly discussing Plaintiff's medical condition in front of Plaintiff's co-workers; by bothering Plaintiff with work-related issues during the time he took off to treat the symptoms of his disability; by



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

issuing disciplinary actions; and, by retaliating against Plaintiff for complaining about and opposing disability discrimination, as alleged above in paragraphs 10 through 16 and 18 through 25.

30. As a direct and proximate result of Defendant's conduct, Plaintiff has been subject to discrimination in violation of the ADA. Plaintiff is entitled to a declaration that Defendant has violated the ADA.

31. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered, and continues to suffer, lost income and benefits of employment, including prejudgment interest, all to his economic damages in an amount to be determined at trial.

32. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be determined at trial.

33. Defendant acted with malice or with reckless indifference toward Plaintiff's protected rights. Accordingly, punitive damages should be awarded against Defendant in an amount to be determined at trial.

34. Pursuant to 42 USC § 1988 and 42 USC § 12201, Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs incurred herein.

//

//



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

SECOND CLAIM FOR RELIEF

(ORS 659A.112)

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 25, above.

36. Defendant is an "employer" as defined by ORS 659A.001(4).

37. Plaintiff is a "disabled person" as defined by ORS 659A.100(1)(a).

38. Defendant's actions, as described above in paragraphs 10 through 16 and 18 through 25 constitute discrimination against Plaintiff due to his disability and/or due to a perception that Plaintiff has a disability in violation of ORS 659A.112(2).

39. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered, and continues to suffer, lost income and benefits of employment, including prejudgment interest, all to his economic damages in an amount to be determined at trial.

40. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be determined at trial.

41. Defendant acted with malice or with reckless indifference toward Plaintiff's protected rights. Accordingly, punitive damages should be awarded against Defendant in an amount to be determined at trial.

42. Plaintiff is entitled to recover his reasonable attorney's fees and costs pursuant to ORS 659A.885(1) and 20.107.

//



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

THIRD CLAIM FOR RELIEF

(ORS 659A.109)

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 25, above.

44. Each and every one of the particulars alleged above in paragraphs 19 through 23 and 25 violates ORS 659A.109 in that they represent conduct, in substantial part, in retaliation for opposing disability discrimination.

45. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered, and continues to suffer, lost income and benefits of employment, including prejudgment interest, all to his economic damages in an amount to be determined at trial.

46. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be determined at trial.

47. Defendant acted with malice or with reckless indifference toward Plaintiff's protected rights. Accordingly, punitive damages should be awarded against Defendant in an amount to be determined at trial.

48. Plaintiff is entitled to recover his reasonable attorney's fees and costs pursuant to ORS 659A.885(1) and 20.107.

//

//

//



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

FOURTH CLAIM FOR RELIEF

(ORS 659A.040)

49. Plaintiff realleges and incorporates by reference paragraphs 1 through 25, above.

50. Every action alleged above in paragraphs 17 through 25 constitutes an unlawful employment practice in violation of ORS 659A.040, namely that Defendant discriminated against Plaintiff for filing a worker's compensation claim.

51. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered, and continues to suffer, lost income and benefits of employment, including prejudgment interest, all to his economic damages in an amount to be determined at trial.

52. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be determined at trial.

53. Defendant acted with malice or with reckless indifference toward Plaintiff's protected rights. Accordingly, punitive damages should be awarded against Defendant in an amount to be determined at trial.

54. Plaintiff is entitled to recover his reasonable attorney's fees and costs pursuant to ORS 659A.885(1) and 20.107.

FIFTH CLAIM FOR RELIEF

(ORS 659A.199)

55. Plaintiff realleges and incorporates by reference paragraphs 1 through 25, above.



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

56. Defendant violated ORS 659A.199 when it subjected Plaintiff to a hostile work environment, in substantial part, in retaliation for Plaintiff having reported, in good faith, what he believed was evidence of Defendant's illegal activity in the form of refusing to pay his merit-based raise and bonus and fraudulent activity as alleged above in paragraphs 16, 21, and 25.

57. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, from emotional distress, anxiety, humiliation, embarrassment, inconvenience, and loss of enjoyment of life, and is entitled to an award of compensatory damages in an amount to be determined at trial.

58. Pursuant to ORS 659A.885(1) and 20.107, Plaintiff is entitled to an award of attorney's fees, expert fees and costs incurred herein.

## SIXTH CLAIM FOR RELIEF

(ORS 653.060)

59. Plaintiff realleges and incorporates by reference paragraphs 1 through 25, above.

60. Defendant violated ORS 653.060 when it discriminated against Plaintiff for complaining about the fact that he had not been paid his wages, in the form of his merit-based wage increase and bonus, as alleged above in paragraphs 16 and 21 through 25.

61. Pursuant to ORS 659A.885(1) and 20.107, Plaintiff is entitled to an award of attorney's fees, expert fees and costs incurred herein.

//

//



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

SEVENTH CLAIM FOR RELIEF

(ORS 652.355)

62. Plaintiff realleges and incorporates by reference paragraphs 1 through 25, above.

63. Defendant violated ORS 652.355 when it discriminated against Plaintiff for inquired with an attorney about the fact that he had not been paid his wages, in the form of his merit-based wage increase and bonus, as alleged above in paragraphs 16 and 21 through 25.

64. Pursuant to ORS 659A.885(1) and 20.107, Plaintiff is entitled to an award of attorney's fees, expert fees and costs incurred herein.

EIGHTH CLAIM FOR RELIEF

(Family and Medical Leave Act)

65. Plaintiff realleges and incorporates paragraphs 1 through 25, above.

66. Plaintiff, at all material times, was an eligible employee under 29 USC § 2611.

67. Defendant, at all material times, was an employer covered under 29 USC § 2611.

68. Plaintiff took medical leave to which he was entitled under FMLA due to his serious medical conditions, namely MS and his back condition, as described above in paragraphs 9, 17 and 23.

69. Defendant retaliated against Plaintiff for invoking his rights to medical leave by creating a hostile work environment for Plaintiff; by increasing his workload; and, by issuing Plaintiff discipline as alleged above in paragraphs 10 through 25.

70. Plaintiff is entitled under 29 USC § 2617(a)(1)(A)(i)(I) to recover his economic losses as described in paragraph 39, above, in an amount to be determined at trial.



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

71. Plaintiff is entitled to an amount equal to his economic losses under 29 USC § 2617(a)(1)(A)(iii) in liquidated damages.

72. Plaintiff is also entitled to recover his litigation costs and attorney's fees under 29 USC § 2617(a)(3).

NINTH CLAIM FOR RELIEF

(ORS 659A.183)

73. Plaintiff realleges and incorporates by reference paragraphs 1 through 25, above.

74. Plaintiff, at all material times, was an eligible employee under ORS 659A.156.

75. Defendant, at all material times, was an employer covered under ORS 659A.153.

76. Plaintiff took medical leave to which he was entitled under FMLA due to his serious medical conditions, namely MS and his back condition, as described above in paragraphs 9, 17 and 23.

77. Defendant retaliated against Plaintiff for invoking his rights to medical leave by creating a hostile work environment for Plaintiff; by increasing his workload; and, by issuing Plaintiff discipline as alleged above in paragraphs 10 through 25.

78. Defendant's actions, in this regard, violated Plaintiff's rights under OFLA.

79. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered, and continues to suffer, lost income and benefits of employment, including prejudgment interest, all to his economic damages in an amount to be determined at trial.

80. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered embarrassment, anxiety, humiliation, anger, emotional distress, inconvenience, and



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087

loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be determined at trial.

81. Defendant acted with malice or with reckless indifference toward Plaintiff's protected rights. Accordingly, punitive damages should be awarded against Defendant in an amount to be determined at trial.

82. Plaintiff is entitled to recover his reasonable attorney's fees and costs pursuant to ORS 659A.885(1) and 20.107.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this Complaint.

WHEREFORE, Plaintiff prays for the relief requested in each of his claims for relief and for such other relief as the Court deems just and appropriate.

DATED this 14th day of January, 2015.

/s/ Elizabeth Farrell Oberlin

Elizabeth Farrell Oberlin, OSB# 011107
Attorney for Plaintiff



ELIZABETH FARRELL OBERLIN
0324 SW Abernethy Street
Portland, Oregon 97239
(503) 277-2087